IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD KA'ANOI,

        Plaintiff,                      No. CIV S-07-2722 GEB JFM PS

        vs.

ROBERT T. DAIL, et al.,

        Defendants.              ORDER

_____/

        Plaintiff has moved for appointment of counsel. Pursuant to Local Rule 78-230(h), the court finds the matter suitable for disposition without argument, on the record and plaintiff's motion.

        In the complaint file December 17, 2007, plaintiff alleges employment discrimination, violation of freedom of speech and retaliation. Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on received a right-to-sue letter. (Complt. at 2.)

        The gravamen of plaintiff's complaint is that he was discriminated against in employment based on physical handicap and racial discrimination in violation of Title VII, 42 U.S.C. § 2000e et seq. Plaintiff seeks appointment of counsel pursuant to 42 U.S.C. § 2000e-5(f)(1)(B).

1

Any successful application for appointment of counsel must comply with criteria set forth in Bradshaw v. Zoological Society of San Diego, 662 F.2d 1301 (9th Cir. 1981). Before appointing counsel to plaintiff, the Ninth Circuit's decision in Bradshaw requires the court to consider (1) plaintiff's financial resources, (2) the efforts already made by plaintiff to secure counsel, and (3) plaintiff's likelihood of success on the merits. Id. at 1318. Appointment of counsel is not a matter of right. See Ivey v. Board of Regents, 673 F. 2d 266 (9th Cir. 1982).

Plaintiff has not met the first factor. Plaintiff paid the $350.00 filing fee, but states in his request for counsel that he's retired, receiving an annuity of $1,506.00 per month. Plaintiff must provide an accounting of all of his financial resources in order for the court to determine whether plaintiff has met the first factor. Accordingly, the Clerk of Court will be directed to send plaintiff the form for proceeding in forma pauperis.

Plaintiff has provided no information concerning his efforts, if any, to secure counsel. Finally, it is premature for this court to address the likelihood of success on the merits. On December 17, 2007, return of service was filed attesting to service of process on the office of the United States Attorney. Defendants have not yet filed an answer. Thus, plaintiff has failed to demonstrate the second and third factors.

Accordingly, IT IS HEREBY ORDERED that plaintiff's December 17, 2007 request for the appointment of counsel is denied without prejudice..

DATED: January 24, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

001; kaanoi.31