IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD KA'ANOI,

       Plaintiff,                No. CIV S-07-2722 JKS EFB PS

    vs.

DRMS DIRECTOR LT. GEN.          FINDINGS AND RECOMMENDATIONS
ROBERT T. DAIL, et al.,

       Defendants.

_____/

       This action, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned pursuant to Local Rule 72-302(c)(21). *See* 28 U.S.C. § 636(b)(1). Presently before the court is defendants' motion for partial dismissal of the amended complaint, which, together with plaintiff's opposition thereto and defendants' reply, were taken under submission pursuant to Local Rule 78-230(h). Having reviewed all submitted papers, the court recommends that defendants' motion be granted.

## I. BACKGROUND

       Plaintiff initiated this action on December 17, 2007, alleging claims against the director and employees of the Defense Reutilization and Marketing Service ("DRMS"), a federal agency located at Travis Air Force Base that disposes of excess property received from the military services. Plaintiff names DRMS Director, Lt. Gen. Robert T. Dail, and Clifford R. Kerr and

1  Roger Waring as defendants (referred to collectively as the "federal defendants"), all of whom

2  worked with or supervised plaintiff before his retirement.  Although the complaint is in many

3  respects incoherent, plaintiff seems to allege that the federal defendants discriminated and

4  retaliated against him on the basis of a physical handicap (back and spinal injury) and race (i.e.,

5  because he is Hawaiian).  *See* Complaint ("Compl."), p. 2.  Plaintiff also alleges that defendants

6  violated his civil rights by discriminating against him, and interfering with his right to freedom

7  of speech and his "right to equality in a public place."  Compl., p. 1.

8       Plaintiff alleges that his supervisors ignored his doctors' orders to put him on light duty.

9  *See* Compl., pp. 1-3.  He alleges that he was "forced to work in the Industrial Yard and Suffered

10  Physical Pain with Mental Stress and Depression.  Agency Ignored Doctors Light duty Request

11  and at times he had to work on his knees to sort material."  Compl., p. 1.  When the "Travis

12  Employment Office said; THEY AREN'T SUPPOSE TO BE PLAYING DOCTOR!! That's

13  when I realized I was being illegally discriminated against."  Compl., p. 3 (emphasis in original).

14  Plaintiff also seems to allege discrimination based on his supervisors' accusations that he was

15  improperly taking leave.  *See* Compl., p. 2; "Opposition To; [*sic*] For Memorandum in Support

16  of Federal Defendants' Motion for Partial Dismissal" ("Opp'n"), pp. 2-3.  Plaintiff appears to

17  allege that such accusations were part and parcel of the alleged discrimination.  *Id.*

18       Plaintiff filed a claim with the EEOC regarding the alleged discrimination, which

19  resulted in a decision adverse to him.  *See* Compl., p. 2.  He was notified of his right to pursue a

20  civil action in district court, and has done so by filing the present complaint.[1]  Plaintiff seeks

21

22       [1] On March 25, 2008, this case was ordered related to *Ka'anoi v. Kerr*, 2:06-cv-2730
JKS EFB PS (closed), because both cases involve similar claims and parties.  *See* Local Rule 83-
23  123(a).  In the earlier case, plaintiff appeared to allege tort claims, including libel and slander,
against the same defendants.  The district judge, in his order adopting this court's findings and
24  recommendations, advised plaintiff that he might be able to restyle his claims against the United
States to avoid dismissal for lack of subject matter jurisdiction, and explained how to pursue his
25  grievances at the administrative level.  The district judge explained that if the administrative
claim was denied, plaintiff could return to federal court and institute a new action.  The district
26  judge then granted defendant's motion to dismiss and directed the Clerk to enter judgment for

1    damages in the amount of $317,876.69 for "Punitive Damages, Depression, Stress and Mental

2    Health, to make him Whole and Productive again!" *Id.*

3          On April 16, 2008, the federal defendants moved for partial dismissal of the complaint

4    pursuant to Fed. R. Civ. P. 12(b)(6) on grounds that plaintiff's exclusive remedies for his

5    discrimination claims are Title VII and the Rehabilitation Act.[2]  Specifically, they move to

6    dismiss plaintiff's "constitutional claims" as well as defendants Kerr and Waring, on grounds

7    that defendant Dail, as director of DRMS, is the only proper defendant.

8          A. Rule 12(b)(6) Standard

9          Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint should only be dismissed for failure to

10   state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can

11   prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v.*

12   *Spalding*, 467 U.S. 69, 74 (1984) (citing *Conley v. Gibson*, 355 U.S. 41 (1957); *Palmer v.*

13   *Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981).  Dismissal may be

14   based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to

15   support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

16   Cir. 1990).  In reviewing a complaint under this standard, the court must accept as true the

17   allegations of the complaint. *Hosp. Bldg. Co. v. Rex. Hosp. Trs.*, 425 U.S. 738, 740 (1976);

18   *Church of Scientology of California v. Flynn*, 744 F.2d 694 (9th Cir. 1984).  The court construes

19   the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor.

20   _____

21   the defendant. *See Ka'anoi v. Kerr*, 2:06-cv-2730 JKS EFB PS, doc. no. 27.  Before plaintiff
     could follow that procedure, he filed the present action, which, though naming the same
22   defendants, seems to allege discrimination claims rather than tort claims.  Plaintiff also appears
     to allege exhaustion of his administrative remedies as to the discrimination claims, as discussed
23   herein.

24          [2]  The federal defendants also point out that, to the extent plaintiff intends to name the
     defendants in their individual capacities, service of process was not effective pursuant to Fed. R.
25   Civ. P. 4(i)(3) (requiring service in the manner prescribed in Rule 4(e), (f), or (g)).  Defendants
     note this deficiency and preserve their Rule 12(b)(5) motion in the event their present motion is
26   ultimately denied as to defendants Kerr and Waring.

1    *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  In a case

2    where plaintiff is proceeding pro se, the court has an obligation to construe the pleadings

3    liberally.  *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, the

4    court's liberal interpretation of a pro se complaint may not supply essential elements of a claim

5    that are not plead.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992);  *Ivey v. Bd. of Regents of*

6    *Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Furthermore, "[t]he court is not required to

7    accept legal conclusions cast in the form of factual allegations if those conclusions cannot

8    reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752,

9    754-55 (9th Cir. 1994).  Neither need the court accept unreasonable inferences, or unwarranted

10   deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

11            B.  Title VII and the Rehabilitation Act Exclusive Remedy

12           The federal defendants move to dismiss plaintiff's "constitutional claims" (i.e., his claims

13   regarding alleged violations of his civil rights) on grounds that Title VII and the Rehabilitation

14   Act are his exclusive remedies for the alleged discrimination.

15           Title VII of the Civil Rights Act of 1964 forbids employment discrimination based on

16   race, color, religion, sex, or national origin.  *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 825

17   (1976).  It is the exclusive remedy for federal employment discrimination on these bases.  *Id.*, at

18   829, 834-35.  In 1978, Congress amended the Rehabilitation Act, making the rights and remedies

19   available under Title VII (42 U.S.C. §§ 2000e-16) available to a person complaining of

20   employment discrimination on the basis of disability.  *See Boyd v. United States Postal Service*,

21   752 F.2d 410, 412-13 (9th Cir. 1985).  Section 501 of the Rehabilitation Act, 29 U.S.C. § 791 is

22   the exclusive remedy for a federal employee claiming discrimination on the basis of disability.

23   *Id.*, at 413.

24           Thus, plaintiff's only remedies for his claims of discrimination on the basis of race and

25   disability are under Title VII and Section 501 of the Rehabilitation Act.  He cannot "tack on"

26   additional causes of action alleging civil rights violations arising from the alleged discriminatory

4

1  conduct.  *See White v. Gen. Servs. Admin.*, 652 F.2d 913, 916-17 (9th Cir. 1981) (affirming

2  dismissal of constitutional claims where Title VII was exclusive remedy for a federal employee's

3  allegations of racial discrimination).

4      In the complaint, plaintiff does not allege a constitutional claim entitling him to a remedy

5  separate from Title VII.  In his opposition, plaintiff seems to argue that his "constitutional" claim

6  is one sounding in tort for a violation of  his "freedom of speech - and equality in a public

7  place."  Opp'n, p. 2.  He refers to an incident in which defendant Kerr questioned him about

8  taking several months of leave when he was still able to perform musical numbers at a Vacaville

9  holiday event (referring to plaintiff's picture in the newspaper, on stage and singing).  *See*

10  Opp'n, p. 2 and Exh. 1.  Plaintiff, however, does not clarify how this alleged conduct constitutes

11  a constitutional violation, and seems to allege that it is part and parcel of the alleged disability

12  discrimination.

13      Moreover, to the extent plaintiff means to allege a separate constitutional tort against any

14  of the defendants, he has failed to allege exhaustion of his administrative remedies with respect

15  to such a claim.[3]  *See* 28 U.S.C. § 2675(a) (prior to litigating a tort claim against the United

16  States, a plaintiff must first file an administrative claim with the appropriate federal agency).

17  Failure to allege exhaustion under the Federal Tort Claims Act ("FTCA") is grounds for

18  dismissal.  *See Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) (failure to allege

19  exhaustion under the FTCA grounds for dismissal); *Reynolds v. Husk*, 273 F. Supp. 2d 11, 13

20  (D.D.C. 2002); *Russo v. Glasser*, 279 F. Supp. 2d 136, 146 (D. Conn. 2003).

21      Although plaintiff has previously been advised, in detail, of the proper procedure for

22  pursuing tort claims at the administrative level, *see* n. 1, he does not assert exhaustion of his

23  purported tort claims either in his opposition or in any document seeking to amend the

24  complaint.

25  ———————

26      [3] His allegations of exhaustion in the complaint appear only to refer to his discrimination
claims.

5

1     Nonetheless, in light of plaintiff's pro se status, the court will consider a proper motion

2 to amend pursuant to Fed. R. Civ. P. 15.  However, the facts alleged in the complaint appear only

3 to relate to defendants "treating him differently" because of his disability and race.  Those claims

4 are only properly brought under Title VII and the Rehabilitation Act, unless plaintiff alleges

5 conduct amounting to a highly personal violation.  *Compare Brock v. United States*, 64 F.3d

6 1421, 1423-24 (9th Cir. 1995) (Title VII did not preempt FTCA where conduct – rape by male

7 supervisor – constituted a highly personal violation beyond the meaning of workplace

8 discrimination) with *Sommatino v. United States*, 255 F.3d 704, 711-12 (9th Cir. 2001)

9 (intentional touching and vulgar remarks did not constitute "a highly personal violation" beyond

10 discrimination).  Here, plaintiff does not allege such "highly personal violations" and appears

11 instead to focus on his alleged unfair treatment in the workplace.

12     Accordingly, the court recommends that defendants' motion be granted and that the

13 constitutional claims be dismissed.   To the extent plaintiff wishes to clarify his allegations

14 regarding purported violations of his civil rights, he is free to move to amend the complaint

15 accordingly.  *See* Fed. R. Civ. P. 15(a) (amendment of complaint).  To the extent plaintiff wishes

16 to amend the complaint to allege tort claims, he is again advised that he must allege exhaustion

17 of his administrative remedies under the FTCA.  Failure to move to amend the complaint will be

18 construed as plaintiff's intention to proceed on the original complaint.

19     C.  Director of DRMS is Proper Defendant

20     As set forth above, the allegations of the complaint appear to allege discrimination

21 claims, which, in this case, are only properly brought pursuant to Title VII and the Rehabilitation

22 Act.  "Title VII requires that in a civil action alleging employment discrimination by the

23 government, the head of the department, agency or unit, as appropriate, shall be the defendant."

24 *Vinieratos v. Dep't of the Air Force*, 939 F.2d 762, 772 (9th Cir. 1991) (internal quotation marks

25 omitted).  Similarly, the head of the department is the appropriate defendant for disability claims

26 made pursuant to the Rehabilitation Act.  *See Mahoney v. U.S. Postal Serv.*, 884 F.2d 1194,

6

1196, n.1 (9th Cir. 1989) (noting that the "Rehabilitation Act simply makes available to victims of handicap discrimination the rights and remedies embodied in Title VII" and that analysis regarding appropriate defendant is same under both laws). Further, under Title VII, "there is no personal liability for employees, including supervisors. . . ." *Greenlaw v. Garrett*, 59 F.3d 994, 1001 (9th Cir. 1995) (citing *Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993)); *White*, 652 F.2d at 916-17 (holding that Title VII did not contemplate remedies for officials acting in their individual capacities).

Morever, to the extent plaintiff wishes to amend his complaint to allege claims arising under the FTCA, the only proper defendant in that instance is the United States. *See Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998). In the event plaintiff moves to amend the complaint in that way, the court will consider an appropriate motion for substitution pursuant to the Westfall Act. *See Pelletier v. Federal Home Loan Bank*, 968 F.2d 865, 876-77 (9th Cir. 1992).

Because the complaint currently alleges discrimination claims properly brought under Title VII (and the Rehabilitation Act), defendant Dail is the only proper defendant. Thus, the court recommends that defendants' motion be granted and that defendants Kerr and Waring be dismissed from the action. However, again considering plaintiff's pro se status and the largely unintelligible complaint, the court recognizes that plaintiff may seek to amend in order to clarify his allegations. In such event, he must do so through a proper motion that complies with the Federal Rules of Civil Procedure and this court's local rules.

**III.  CONCLUSION**

In accordance with the foregoing, IT IS RECOMMENDED that:

1.  Defendants' April 16, 2008, motion to dismiss be granted; and,

////

////

////

7

1      2.  The constitutional claims be dismissed together with defendants Clifford R. Kerr and

2    Roger Waring.

3        These findings and recommendations are submitted to the United States District Judge

4    assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10)

5    days after being served with these findings and recommendations, any party may file written

6    objections with the court and serve a copy on all parties.  Such a document should be captioned

7    "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

8    shall be served and filed within ten (10) days after service of the objections.  The parties are

9    advised that failure to file objections within the specified time may waive the right to appeal the

10   District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*,

11   951 F.2d 1153, 1157 (9th Cir. 1991).

12   DATED:  July 17, 2008.

13

                          EDMUND F. BRENNAN

14                        UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26