IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD KA'ANOI,<br><br>             Plaintiff,<br><br>     vs.<br><br>DRMS DIRECTOR LT. GEN. ROBERT T. DAIL, *et al.*,<br><br>             Defendants. | Case No. 2:07-cv-02722 JKS EFB<br><br><u>ORDER</u> |

Plaintiff, a retired federal employee proceeding *in propria persona*, seeks to sue the director of his former employer, the Defense Reutilization Marketing Service ("DRMS"), and certain of its employees for employment discrimination, retaliation, interference with his freedom of speech and his right to equality in a public place. Defendants have moved the Court for partial dismissal. Docket Nos. 14 (Mot.); 14-2 (Mem.); 17 (Opp'n); 19 (Reply). The matter was referred to a United States Magistrate Judge pursuant to Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

On July 18, 2008, the magistrate judge filed findings and recommendations herein which were served on Plaintiff and which contained notice to Plaintiff that any objections to the findings and recommendations were to be filed within ten days. Docket No. 23. Plaintiff has not filed objections to the findings and recommendations.

As no objection was made to the findings of fact, the Court assumes their correctness and decides the motions on the applicable law. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Having reviewed the file and found the

1

findings and recommendations to be supported by the record and by the magistrate judge's analysis, the Court finds dismissal appropriate.

The law is clear that Title VII is the exclusive remedy for a federal employee's claims of workplace discrimination based on race or disability unless plaintiff has alleged conduct amounting to a highly personal violation.  *See Brock v. United States*, 64 F.3d 1421, 1423-24 (9th Cir. 1995). The Court agrees with the magistrate judge that the unfair treatment in the workplace alleged by Ka'anoi does not constitute a highly personal violation.  Title VII is thus his only remedy.  It is also clear that Defendant Dail, as the Director of DRMS is the only proper defendant in a Title VII action alleging discrimination on account of race or disability.  42 U.S.C. § 2000e-16(c); *see also Vinieratos v. Dep't of the Air Force*, 939 F.2d 762, 772 (9th Cir. 1991); *Mahoney v. U.S. Postal Serv.*, 884 F.2d 1194, 1196 n.1 (9th Cir. 1989).

Accordingly, **IT IS ORDERED** that:

1. The findings and recommendations filed July 18, 2008, are adopted in full;

2. Defendants' motion for partial dismissal at **Docket No. 14** is **GRANTED**;

3. Defendants Clifford R. Kerr and Roger Waring are dismissed; and,

4. Plaintiff's constitutional claims are dismissed.

Dated this the 9th day of September 2008.

/s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge

ORDER