IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD KA'ANOI,

       Plaintiff,                  No. CIV S-07-2722 JKS EFB PS

     vs.

DRMS DIRECTOR
LT. GEN. ROBERT T. DAIL,
                                   ORDER AND
       Defendant.              ORDER TO SHOW CAUSE

_____/

      Plaintiff proceeds *pro se* in this action, which was referred to the undersigned pursuant to E. D. Cal. L. R. ("Local Rule") 72-302(c)(21). *See* 28 U.S.C. § 636(b)(1). On June 26, 2009, defendant filed a motion to dismiss, and noticed the matter for hearing on July 29, 2009. Dckt. 33. In violation of Local Rule 78-230(c), plaintiff has not filed an opposition brief or a statement of non-opposition, nor has he otherwise communicated with the court.

      Local Rule 78-230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be personally served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date, or, in this case, by July 15,

////

////

1

2009.¹ Local Rule 78-230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

Plaintiff is admonished that Rule 41, Federal Rules of Civil Procedure, provides for the dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order . . .". Fed. R. Civ. P. 41(b). Additionally, this court's local rules provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."). Plaintiff's *pro se* status does not excuse his obligation to comply with these rules nor relieve him of the consequences for violating the rules. *See* Local Rule 83-183 ( "Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules. All obligations placed on 'counsel' by these Local Rules apply to individuals appearing *in propria persona*. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules."). Thus, plaintiff is bound by the court's rules, even though his pleadings are liberally construed, *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and failure of plaintiff to follow the rules of this court or an order of this court provides a proper ground for dismissal, *see, e.g., Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).

In light of plaintiff's failure to file either an opposition brief or statement of non-opposition as required by Local Rule 78-230(c), IT IS HEREBY ORDERED that:

1. The hearing date of July 29, 2009, is vacated, and continued to September 9, 2009, at 10:00 a.m., in Courtroom No. 25.

////

////

---

¹ Electronic or mail service of an opposition upon the moving party must be made seventeen days preceding the scheduled hearing date. Local Rule 78-230(c).

2

1      2.  Plaintiff shall show cause, in writing, no later than August 25, 2009, why sanctions should not be imposed for his failure to timely file an opposition or a statement of non-opposition to the pending motion.

3.  Plaintiff shall also file a written opposition, if any, to the motion, or a statement of non-opposition thereto, no later than August 25, 2009.  Defendants may file a reply on or before September 2, 2009.

4.  Failure of plaintiff to file an opposition will be deemed a statement of non-opposition, and shall result in a recommendation that this action be dismissed for failure to prosecute and to follow the rules of this court.

IT IS SO ORDERED.

DATED: July 23, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE